No. 774

THOMPSON v. KETTER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6619. Decided June 21, 1926.

**First Publication of this Opinion.**

Judges Roberts and Farr, 7th Dist., sitting.
329. COVENANTS—997. Real Estate—Covenants, restricting use of real property, are strictly construed, and doubts as to meaning thereof are resolved in favor of free use of property for lawful purposes.

1040. RESTRICTIONS—Where lots are purchased without knowledge on part of purchaser that property is restricted for residence purposes only; and this item is thereafter inserted in restrictions and placed on many lots subsequently sold, this in no way can bind or control the use of the premises in question.

Appeal from Common Pleas.
Finding for Defendants.

P. J. Daley and G. E. Morgan, Cleveland, for Thompson.

Roscoe M. Ewing, Cleveland, for Ketter.

ROBERTS, J.

The plaintiff, Thomas Thompson, alleged that Anton Grdina, Frank Ketter and the Commercial Oil Co. started to erect a gasoline station on sublots Nos. 126 and 127 in Beechgrove Subdivision, and in close proximity to land owned by plaintiff; that the property mentioned in the allotment is used for residence purposes only and that the erection of said gasoline station is offensive and injurious to the surrounding property and would depreciate its value; that the restrictions in said allotment provide that the property is to be used for residence purposes only, which restrictions run with the land until May 1, 1940; and that if such station is allowed to be erected great and irreparable damage will be sustained. Plaintiff prays for a permanent injunction restraining the erection and maintenance of such gasoline station.

Defendants claim that the restrictions sought to be enforced are not general, uniform or mutual restrictions and are not contained in any of the deeds covering sublots Nos. 126 and 127; and that the property in question has, for a long time, been used for business purposes with knowledge and consent of plaintiff; and said plaintiff has waived his right to enforce said restrictions and is estopped from asserting them.

A perpetual injunction was allowed by the Cuyahoga Common Pleas and the case is here on appeal.

The Conelly Co. sold lots 126 and 127 to Grdina and they were sold "free and clear of all incumbrances. excepting * * * restrictions of record." The restrictions in the deed to the Conelly Co. were in the direct chain of title of these two lots.

The Conelly Co., after having allotted this acreage, sold the remaining lots with a restriction substantially as before, except that paragraph one of the restriction, at its beginning, had inserted therein the following: "That said premises are to be used for residence purposes only."

Defendant Grdina testified he bought lot No. 126 for the purpose of building thereon a funeral home, without actual knowledge of any restrictions. There is testimony to the effect that large billboards have been maintained for several years on sublots 126 and 134 of this allotment.

In the restrictions found in the deed to the Conelly Co., which are the restrictions imposed in the chain of title upon the lots in question, there is no prohibition of the use of said lots for business purposes, and said restrictions of record do not prohibit the use of said premises for business purposes. The subsequent addition to the restrictions, that said premises are to be used for residence purposes only, was placed on many of the lots subsequently sold, but cannot bind or control the use of the premises in question.

Covenants restricting the use of real property are strictly construed, and doubts as to the meaning thereof are resolved in favor of the free use of the property for lawful purposes. The facts involved in the case of Kiley v. Hall, 96 OS. 374, and the case under consideration are quite similar, and the reservations under consideration substantially the same. The third paragraph of the syllabus reads:

"A restrictive covenant in a deed that no dwelling shall be erected on said above premises herein conveyed containing less than six rooms; said dwelling to be located not less than twenty-four feet from the street line including porches, does not prevent the erection of a business block and the provision relating to the location of a dwelling does not apply to the location of a business block."

In the case at bar, a restriction against use for other than residence purposes was not in the chain of title to the lots in question. There was not a uniform plan of restrictions; and the evidence does not disclose that the purchaser of these lots had knowledge, at the time of purchase, of the restriction incorporated in deeds thereafter given, limiting the use of the property to residence purposes only.

No cause shown for an injunction restricting the use of the property as prayed for, and finding is for defendant.

(Farr, J., concurs.)